Dominique R. Shelton (SBN 157710)
Jami E. Gekas (Admitted Pro Hac Vice)
Wildman, Harrold, Allen & Dixon LLP
9665 Wilshire Blvd, Suite 200
Los Angeles, California 90212

Attorneys for Plaintiff
MARSHALL & SWIFT/BOECKH, LLC

Peter J. Diedrich (SBN 101649)
Musick, Peeler & Garrett LLP
One Wilshire Blvd., Suite 2000
Los Angeles, California 90017-3383

Attorneys for Defendant
URS CORPORATION

Terence P. Ross (Admitted Pro Hac Vice)
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, NW
Washington DC 20036

Attorneys for Defendant
DEWBERRY & DAVIS, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| MARSHALL & SWIFT/BOECKH, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>URS CORPORATION AND DEWBERRY & DAVIS, LLC; AND DOES 1-10,<br><br>Defendants. | CASE No. CV-08-04375-GAF (SS)<br>Hon. Gary A. Feess<br>Action Filed: July 2, 2008<br>**PROTECTIVE ORDER** |

      The parties to this action have stipulated to the entry of a Protective Order for the purpose of limiting disclosure of the parties' respective confidential or proprietary information.

      GOOD CAUSE HAVING BEEN SHOWN THEREFOR, the Stipulation of the Parties attached hereto as Exhibit 1 shall become the Order of the

625703.1

1 | Court.

2 | IT IS SO ORDERED

4 | DATED: 2/6_____, 2009
5 |

By: _____
Judge/Magistrate Judge, United States District Court, Central District of California

Dominique R. Shelton (SBN 157710)
Jami E. Gekas (Admitted Pro Hac Vice)
Wildman, Harrold, Allen & Dixon LLP
9665 Wilshire Blvd, Suite 200
Los Angeles, California 90212

Attorneys for Plaintiff
MARSHALL & SWIFT/BOECKH, LLC

Peter J. Diedrich (SBN 101649)
Musick, Peeler & Garrett LLP
One Wilshire Blvd., Suite 2000
Los Angeles, California 90017-3383

Attorneys for Defendant
URS CORPORATION

Terence P. Ross (Admitted Pro Hac Vice)
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, NW
Washington DC 20036

Attorneys for Defendant
DEWBERRY & DAVIS, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| MARSHALL & SWIFT/BOECKH, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>URS CORPORATION AND DEWBERRY & DAVIS, LLC; AND DOES 1-10,<br><br>Defendants. | CASE No. CV-08-04375-GAF (SS)<br><br>**STIPULATION FOR PROTECTIVE ORDER**<br><br>Hon. Gary Feess<br><br>Action Filed: July 2, 2008 |

The parties consider certain information in their possession to be commercially proprietary or otherwise confidential and thus seek a Protective Order limiting disclosure thereof. Based on the parties' representations, and the Court's belief that the parties are acting in good faith, it is hereby ORDERED,

MUSICK, PEELER
& GARRETT LLP
ATTORNEYS AT LAW

625537.1

pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, as follows:

1. **Grounds for Order**. The parties, Plaintiff Marshall & Swift/Boeckh, LLC ("Marshall & Swift") and Defendants URS Corporation ("URS") and Dewberry & Davis, LLC ("Dewberry") (collectively, "Defendants"), agree that discovery in this action may entail the exchange of sensitive and proprietary cost and pricing data, strategic business plans and proposals, technical information and otherwise confidential business information. It is also possible that one or more of the parties will seek discovery of similar information from third-party witness(es). Unrestricted disclosure of the respective confidential or proprietary information of the parties or third party witness(es) could be prejudicial to the disclosing entity or entities, and accordingly there is good cause for the entry of a Protective Order.

2. **Scope**. This Protective Order shall govern information disclosed during pre-trial proceedings in this action, including but not limited to documents, interrogatory answers, deposition testimony, responses to other discovery demands, responses to subpoenas, as well as any copies, notes, abstracts or summaries of such information. This Protective Order shall not govern the conduct of trial. If any party or third party believes that any evidence to be introduced at trial should not form part of the public record of the trial, it shall bring that situation to the Court's attention no later than the final pre-trial conference for this case, and, as provided in paragraph 26 below, shall make a specific proposal with respect to the handling of such evidence at trial.

3. **"Protected Material" Defined**. In accordance with Fed. R. Civ. P. 26(c)(7), "Protected Material" as used in this Order means any trade secret or confidential information not generally available to the public, including unpublished financial data, price, cost, or rate information, proprietary research, development, marketing or commercial information, confidential or proprietary business plans or proposals, technical plans or proposals, or other similar commercially sensitive information of a non-public nature, the disclosure of which (whether separately or in

conjunction with other information being produced) will cause competitive harm to a party or give a competitive advantage to others. Fed.R.Civ.P. 26(c)(7). *See also Nestle Foods Corp. v. Aetna Casualty & Surety Co.*, 129 F.R.D. 483, 484 (D.N.J. 1990) (stating that "[c]onfidential research, development, or commercial information have been interpreted to protect from disclosure material which would otherwise harm the disclosing party by placing it at a commercial disadvantage.") (citing three cases). *See generally* 6 James W. Moore, Moore's Federal Practice § 26.105[8][a], at 26-277 (3d ed. 2001) (same).

4. **Protected Material in the Possession of a Non-Party**.

(a) **Designation by a party.** Any party to this litigation may designate as Protected Material documents or other information obtained from a non-party where the designating party determines that the non-party production is or represents Protected Material of the designating party. In designating information as protected, a producing party will make such designation only as to information that it in good faith reasonably believes is, contains, or consists of Protected Material. In such cases, the designating party shall provide notice of its designations within ten (10) business days from the production of such documents or information by the third party. The documents or information will be treated "Confidential" pursuant to paragraph 8 of this Protective Order for ten (10) business days from their production, or until a designating party provides notice of its designation, whichever is earlier. If after ten (10) business days neither party provides notice of designations, the documents or information shall not be subject to the protection of this Order.

(b) **Designation by a non-party.** A third party producing materials or providing witness testimony in this case (in response to a subpoena or otherwise) may in good faith designate any of the materials or testimony it produces or provides as Protected Material in accordance with this Order, provided that the non-party marks or classifies all such materials, information or testimony in accordance

MUSICK, PEELER
& GARRETT LLP
ATTORNEYS AT LAW

625537.1

3

with paragraphs 6 and/or 15 below, and otherwise complies with all terms of this Order. Any non-party designating Protected Material under this Order understands and agrees that the parties shall have the right to challenge such designation, pursuant to Paragraph 17 below.

5. **Material Excluded from Protection**. Protected Material shall not include any information or material (i) which was lawfully in a receiving party's possession, with no obligation of confidentiality, prior to the inspection of the information or material produced in this action; (ii) which is already in the public domain at the time of disclosure; (iii) which becomes a part of the public domain thereafter through no fault of the party receiving the information under this Order and not as a result of conduct that constitutes a breach of an obligation of confidentiality by a third party; or (iv) which was or is hereafter lawfully obtained from a source or sources not under an obligation of confidentiality to the other party.

6. **Marking of Protected Material**. Protected Material shall be designated by the producing party as such by marking each thing or each page of a document at or before the time of production substantially as follows: (a) "CONFIDENTIAL"; or (b) "ATTORNEYS' EYES ONLY," provided that the "ATTORNEYS' EYES ONLY" designation shall be sued as sparingly as possible. Specific categories of ATTORNEYS' EYES ONLY information shall include, without limitation, the following Protected Material: (i) material alleged by a party or a third party to be a trade secret; (ii) non-public financial information; (iii) proposals, technical plans, and research and development materials; (iv) information regarding present and future business and marketing strategies; (v) names or other information tending to reveal the identities of a party's customers, suppliers, distributors, or strategic partners; and (vi) confidential third party agreements. In lieu of marking the original of a document, if the original is not produced, the designating party may mark the copies that are exchanged or produced. If a party discloses information in this case that was not, but it later determines should have

been, designated and/or marked as Protected Material, it shall be permitted to designate such information as Protected Material pursuant to paragraph 12 below. Any party to this litigation may designate as Protected Material documents or other information obtained from another party where the designating party determines that the production is or represents Protected Material of the designating party. Protected Material contained in responses to interrogatories, requests for admission, or other written disclosures shall be designated by marking the relevant pages or portions of such responses or disclosures with the word "ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" as described above.

7. **"Qualified Persons" Defined**. "Qualified Person" shall mean:

(a) Outside counsel of record for a party in this litigation, co-counsel of record, and employees of such counsel who are working directly on this litigation to whom it is necessary that the information be disclosed for purposes of this litigation;

(b) Any non-attorney employees of the parties that are actively involved in and necessary to assist in the conduct of this action;

(c) Court personnel, including videographers and stenographic reporters engaged in proceedings incident to the preparation for hearing, trial and/or trial of this action, including deposition reporters and their transcribers;

(d) Authors, addressees, and recipients of copies of documents containing Protected Material with respect to only those documents for which they are authors, addressees, or recipients;

(e) Internal counsel who are employees of the parties and are providing legal advice and assistance in respect of this action, provided, as well as any paralegals, secretaries and clerical staff working with such attorneys;

(f) Independent consultants or experts retained by the parties or

their counsel to assist counsel prepare this case for trial, provided that such person is advised that he/she is bound by this Order and signs a document in the form of Exhibit A to this Order;

(g) Outside photocopying, imaging, data base, graphics or design services retained by outside counsel for purposes of preparing demonstrative or other exhibits for deposition, trial or other court proceedings in this action;

(h) Non-technical jury or trial consulting services retained by outside counsel, provided that such persons are advised that he/she/they is/are bound by this Order and sign a document in the form of Exhibit A to this Order;

(i) Such other persons as may be designated later by written agreement of all parties in these proceedings; and

(j) Any other person(s) designated as a "Qualified Person" by Order of this Court, after notice to all parties.

8. **Disclosure to Qualified Persons**. Protected Material classified "CONFIDENTIAL" under paragraph 6 may be disclosed only to Qualified Persons. Protected Material classified "ATTORNEYS' EYES ONLY" under paragraph 6 hereof may be disclosed only to those Qualified Persons enumerated in paragraphs 7(a), 7(c), 7(d), 7(f), 7(g) and 7(h) unless the prior written consent of the designating party is first obtained.

9. **Use of Protected Material**. All Protected Material produced or exchanged at any pretrial stage in this litigation shall be used solely for the purpose of this litigation except by further order of the Court, and shall not be disclosed to any person except in accordance with the terms of this Order or by further order of the Court.

10. **Inspection of Documents**. Production of documents and things for the purposes of inspection and copying shall not constitute a waiver of confidentiality.

If documents and things produced for purposes of inspection and copying have not been marked prior to inspection, such inspection nevertheless shall be for the eyes of "Qualified Persons" under paragraph 7(a) only, and the person producing documents shall thereafter mark such documents and things as are selected for copying and that contain Protected Material as set forth above.

11. **Reasonable Care of Protected Materials**. Any person in possession of Protected Material shall exercise reasonably appropriate care with regard to the storage, custody, or use of such Protected Material in order to ensure that the confidential nature of the same is maintained.

12. **Inadvertent Disclosure of Undesignated Materials**. In the event that a producing party discovers that Protected Material has been inadvertently produced without being marked with the appropriate designation, the producing party may thereafter notify the receiving party or parties and require the latter to retrieve and return any unmarked or incorrectly marked material and to substitute appropriately marked material. Upon receipt of such notification from the producing party, the receiving party or parties shall not thereafter disclose any such material or any information contained therein to any persons who are not "Qualified Persons" as that term is defined above. However, the receiving party or parties shall have no liability with respect to any prior disclosure or use of such material which is consistent with the terms of this Order.

13. **Inadvertent Disclosure of Privileged Materials**. Additionally, the inadvertent production of any privileged or otherwise protected or exempted information shall not be deemed a waiver or impairment of any claim of privilege or protection including but not limited to the attorney-client privilege, work-product doctrine, joint defense privilege or the confidential nature of any such information, provided that upon discovery the producing party shall immediately notify the receiving party and require the receiving party to retrieve and return any such material, and counsel shall not use such information for any purpose. Any analyses,

If documents and things produced for purposes of inspection and copying have not been marked prior to inspection, such inspection nevertheless shall be for the eyes of "Qualified Persons" under paragraph 7(a) only, and the person producing documents shall thereafter mark such documents and things as are selected for copying and that contain Protected Material as set forth above.

11. **Reasonable Care of Protected Materials**. Any person in possession of Protected Material shall exercise reasonably appropriate care with regard to the storage, custody, or use of such Protected Material in order to ensure that the confidential nature of the same is maintained.

12. **Inadvertent Disclosure of Undesignated Materials**. In the event that a producing party discovers that Protected Material has been inadvertently produced without being marked with the appropriate designation, the producing party may thereafter notify the receiving party or parties and require the latter to retrieve and return any unmarked or incorrectly marked material and to substitute appropriately marked material. Upon receipt of such notification from the producing party, the receiving party or parties shall not thereafter disclose any such material or any information contained therein to any persons who are not "Qualified Persons" as that term is defined above. However, the receiving party or parties shall have no liability with respect to any prior disclosure or use of such material which is consistent with the terms of this Order.

13. **Inadvertent Disclosure of Privileged Materials**. Additionally, the inadvertent production of any privileged or otherwise protected or exempted information shall not be deemed a waiver or impairment of any claim of privilege or protection including but not limited to the attorney-client privilege, work-product doctrine, joint defense privilege or the confidential nature of any such information, provided that upon discovery the producing party shall immediately notify the receiving party and require the receiving party to retrieve and return any such material, and counsel shall not use such information for any purpose. Any analyses,


...


memoranda or notes which were internally generated based upon such inadvertently produced information shall immediately be destroyed.

14. **Inadvertent Disclosure to Persons Not Qualified**. In the event a party learns that it has inadvertently disclosed Protected Material of another person in breach of this Order, the disclosing party shall immediately take all reasonable steps to retrieve all copies of such inadvertently disclosed Protected Material, shall advise the person receiving the Protected Material of the terms of this Order and the confidential nature of the Protected Material, and shall request the person to sign a Protective Order Acknowledgment in the form attached as Exhibit A. The disclosing party shall also within five (5) business days notify in writing the party whose Protected Material was inadvertently disclosed of the inadvertent disclosure, to whom it was made, the circumstances surrounding the inadvertent disclosure, and the steps being taken to recover and protect the Protected Material.

15. **Protection of Deposition Testimony**.

(a) Documents containing Protected Material may be used by any party at any deposition in this action provided that the terms of this Order, including the restrictions on who may have access to such information, as set forth in paragraphs 7 and 8, shall apply.

(b) Oral deposition testimony may be classified as "CONFIDENTIAL" by making an appropriate statement on the record at the time of the deposition or by identifying, within 10 days following receipt by counsel for the producing party of a hard copy of the transcript, the specific pages and lines of the transcript that are so designated. Irrespective of whether any designation is made at the time a deposition is taken, the entire transcript of each such deposition shall be treated as having been classified "CONFIDENTIAL" during the ten-day period. Unless otherwise designated as specified in this Order, the transcript shall not be treated as Protected Material after the stated ten-day period.

16. **Use of Undesignated Materials**. No party shall be responsible to

1  another party or person for any use or disclosure made of information produced and
2  not afforded a confidential status under this Protective Order after the periods for
3  such designation have passed.

4  17. **Challenges to Designations of Protected Material.** A party shall not be obligated to challenge the propriety of a Protected Material designation at the time made, and a failure to do so shall not preclude a subsequent challenge, or constitute an admission that the designated material is or contains confidential or trade secret information. In the event that any party to this litigation disagrees at any pretrial stage of these proceedings with the designation of any information as Protected Material, the parties and/or producing party shall try first to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, any party which objects to the designation may seek appropriate relief from this Court.

14  18. **Filing of Protected Material.** In the event a party wishes to file Protected Material with the Court, the following procedure shall apply: any Protected Material, including deposition transcripts, as well as briefs and other papers containing or otherwise disclosing such information, that is filed with or otherwise submitted to the Court shall be filed under seal, and the clerk of this Court is directed to maintain such material under seal. Each such document containing Protected Material shall be marked with the caption and docket number of this action, the name(s) or general description(s) of the document(s) contained therein, and the following notice:

CONFIDENTIAL OR ATTORNEYS' EYES ONLY
PROTECTED BY COURT ORDER

If Protected Material is used during a deposition, that portion of the deposition will be conducted without the presence of any person or party, except the witness, not eligible to receive a disclosure of the information under paragraphs 7 or 8, as the

case may be, of this Order, and the transcript will be marked pursuant to this Order. Prior to the use of Protected Material at trial or a hearing, the parties will discuss with the Court appropriate procedures to prevent disclosure of confidential information. Protected Material shall not become a part of the public record except upon the written consent of the producing party or unless permitted by this Court.

19. **Public Access to Protected Material**. Any interested member of the public may seek leave of the Court to challenge the designation of particular documents filed under seal as Confidential. If an interested member of the public makes such a challenge, the party who designated the material as Confidential shall be allowed to oppose any such challenge.

20. **Return of Protected Material**. Except as hereinafter provided, within sixty (60) days after the conclusion of this litigation, all originals and all copies of all documents constituting or containing Protected Material shall be returned to the producing party or shall be destroyed by the receiving party. Counsel for each party may, however, retain (subject to the provisions of this Order) one copy of any papers filed with the Court, any deposition and trial transcripts, any deposition and trial exhibits, any written discovery requests or responses, its correspondence file, its consultant and expert witness files, and any attorneys' notes, memoranda or other work product.

21. **Continuing Force of Order**. Insofar as the provisions of this Protective Order restrict the disclosure and use of information produced, this Order shall continue to be binding after the conclusion of this litigation except that (a) there shall be no restriction on documents that are admitted as exhibits in Court on a non-confidential basis, and (b) a party may seek the written permission of the producing party or further Order of this Court with respect to dissolution or modification of this Protective Order.

22. **Advice of Counsel**. Nothing in this Order shall bar or otherwise restrict any qualified attorney in this case from rendering advice to his client with

MUSICK, PEELER
& GARRETT LLP
ATTORNEYS AT LAW

625537.1

10

respect to this litigation and, in the course thereof, relying upon his or her examination of Protected Material, provided that such advice does not entail disclosure to anyone other than to "Qualified Persons" of the substance of any such Protected Material.

23. **Burden for Establishing Protection**. The burden of persuading the Court that any document or information deserves treatment as Protected Material shall remain on the producing party and that burden is not shifted by any term of this Protective Order.

24. **Enforcement**. If Protected Material is disclosed and/or used in violation of the terms of this Protective Order, the producing party (or any person or entity harmed by the disclosure) may seek sanctions against the violating person or entity by motion in these proceedings or in a separate action, and may in the Court's discretion be entitled to the recovery of reasonable attorneys' fees for the cost of bringing such motion or action upon prevailing. All parties and non-parties subject to the terms of this Protective Order specifically subject themselves to the jurisdiction and venue of the United States District Court for the Central District of California for purposes of any such motion or action. Nothing in this paragraph or in any other provision of this order shall limit a party's rights in the event of a violation of this Protective Order.

25. **Disclaimers**. Nothing contained in this Order shall be construed as an admission by any party that any document or information designated as Protected Material is in fact confidential, propriety or a trade secret or as a waiver by either party of its right to object to the subject matter of any discovery request made in this action. The execution of this Order shall not be construed as an agreement by either party to produce any documents, supply any information, or permit entry upon land under Rule 34 of the Federal Rules of Civil Procedure, and shall not constitute an admission that any evidence, including documents, which may exist is relevant in any way to the issues raised in this action or any related action or a waiver of any

1 privilege with respect thereto.

2  26. **Use at Hearing and/or Trial**.

Prior to a hearing and/or trial of this matter, the parties shall confer in good faith in an effort to reach agreement concerning a joint proposal to the Court with respect to the handling of Protected Material at a hearing and/or trial. With respect to handling of Protected Material at trial, the parties shall make such proposal no later than the final pretrial conference in this case. If the parties are unable to reach agreement on this subject, each party may make its own submission to the Court no later than the final pre-trial conference.

27.  **Modification of Order; Additional Parties**. Nothing in this Order shall preclude any party from applying to the Court for modification of the terms of this Order as may be appropriate; provided, however, that prior to any such application, the parties shall confer and make a good faith effort to resolve the matter by agreement. In the event that additional persons or entities become parties to this action, they shall not have access to Protected Material designated hereunder until this Order has been amended, with the Court's approval, to govern such additional persons or entities

28.  **Protective Orders**. Nothing in this Order shall preclude any party from applying to the Court for a Protective Order pursuant to Fed.R.Civ.P. 26(c) regarding the production of particular information or documents not otherwise subject to the provisions of this Stipulated Protective Order.

1  
2  WILDMAN, HARROLD, ALLEN & DIXON LLP  
3  By: /s/ Jamie Gekas (by email consent)  
4  Jami E. Gekas *(Admitted Pro Hac Vice)*  
5  Attorneys for Plaintiff  
6  Marshall & Swift/Boeckh LLP  

7  MUSICK, PEELER & GARRETT LLP  
8  THOMPSON HINE LLP  
9  By: _____  
10 Peter J. Diedrich  

11 Attorneys for Defendant  
12 URS Corporation  

13 GIBSON, DUNN & CRUTCHER LLP  
14 By: /s/ Terence P. Ross (by email consent)  
15 Terence P. Ross  

16 Attorneys for Defendant  
17 Dewberry & Davis LLP  

MUSICK, PEELER  
& GARRETT LLP  
ATTORNEYS AT LAW

625537.1                          13

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

| | |
|---|---|
| MARSHALL & SWIFT/BOECKH, LLC, | CASE No. CV-08-04375-GAF (SS) |
| Plaintiffs, | |
| vs. | Hon. Gary Feess |
| URS CORPORATION AND DEWBERRY & DAVIS, LLC; AND DOES 1-10, | Action Filed: July 2, 2008 |
| Defendants. | |

**PROTECTIVE ORDER ACKNOWLEDGEMENT**

I, _____ state that:

1. My present employer is _____
2. I have been provided a copy of the Protective Order ("Protective Order") in this case signed by Judge/Magistrate Judge _____ of the United States District Court for the Central District of California.
3. I have carefully read and understand the provisions of the Protective Order.
4. I will comply with all of the provisions of the Protective Order.
5. I will hold in confidence and not disclose to anyone not authorized under the Protective Order any materials containing Protected Material disclosed to me. I further agree that neither I nor anyone assisting me will use or rely on any Protected Material disclosed to me for any purpose not authorized under the Protective Order. Without limiting the generality of this paragraph, I understand that it would be improper to use or rely on Protected Material in connection with my own research or in connection with any consulting for third parties or the party by whom I am employed or retained in this case.
6. At the conclusion of this case, I will return all materials containing Protected Material which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or I will destroy those materials.

**EXHIBIT A PAGE 14**

625537.1

7. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this case.

8. I certify under penalty of perjury that the foregoing is true and correct.

_____          _____
Date                                              Signature

EXHIBIT __A__ PAGE __15__

# PROOF OF SERVICE

STATE OF CALIFORNIA
COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within entitled action; my business address is One Wilshire Boulevard, Suite 2000, Los Angeles, California 90017-3383.

On February 4, 2009, I served the foregoing document(s) described as **STIPULATION FOR PROTECTIVE ORDER** on the interested parties in this action by placing a copy thereof enclosed in a sealed envelope addressed as follows: Attached

☒ **BY MAIL.** I caused such envelope with postage thereon fully prepaid to be placed in the U.S. Mail at Los Angeles, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY FACSIMILE TRANSMISSION.** I caused such document to be transmitted to the addressee(s) facsimile number(s) noted herein. The facsimile machine used complies with Rule 2003 and no error was reported by the machine. Pursuant to Rule 2008(e), I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration.

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I caused said document(s) to be served by means of this Court's electronic transmission of the Notice of Electronic Filing through the Court's transmission facilities, to the parties and/or counsel who are registered CM/ECF Users set forth in the service list obtained from this Court.

☐ **BY FEDERAL EXPRESS.** I caused such envelope to the deposited at the Federal Express office at Los Angeles, California for guaranteed one/two day delivery with delivery charges prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for delivery by Federal Express delivery service. Under that practice, it would be deposited with the delivery service on that same day with delivery charges thereon fully prepaid at Los Angeles, California in the ordinary course of business for delivery to the addressee. Executed on February 5, 2009, at Los Angeles, California.

☐ **(State)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ **(Federal)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_Connie Ray_
Connie Ray

609946.1

16

| | |
|---|---|
| 1 | **SERVICE LIST** |
| 2 | Dominique R. Shelton |
| | Carole E. Handler |
| 3 | Wildman, Harrold, Allen & Dixon LLP |
| | 9665 Wilshire Boulevard, Suite 200 |
| 4 | Los Angeles, California 90212 |
| | Telephone: (310) 860-8700 |
| 5 | Facsimile: (310 860-3800 |
| 6 | Jami A. Gekas |
| | (admitted pro hac vice) |
| 7 | Wildman, Harrold, Allen & Dixon LLP |
| | 225 West Wacker Drive |
| 8 | Chicago, Illinois 60606 |
| | Telephone: (312) 201-2000 |
| 9 | Facsimile: (323) 201-2555 |
| 10 | Jennifer Fisher (Of Counsel) |
| | Marshall & Swift/Boeckh, LLC |
| 11 | Marshall & Swift/Boeckh |
| | 350 South Grand Avenue, Suite 3400 |
| 12 | Los Angeles. California 90071 |
| 13 | Shannon F. Mader |
| | Gibson, Dunn & Crutcher LLP |
| 14 | 333 South Grand Avenue |
| | Los Angeles, California 90071-3197 |
| 15 | Telephone: (213) 229-7000 |
| | Facsimile: (213) 229-7520 |
| 16 | |
| 17 | |
| 18 | |
| ... | |
| 28 | |

MUSICK, PEELER
& GARRETT LLP
ATTORNEYS AT LAW

609946.1

17
2